TROXELL v. DELAWARE, L. & W. R. CO.

(District Court, E. D. Pennsylvania. June 6, 1913.)

No. 1,220.

1. JUDGMENT (§ 883*)—SET-OFF OF JUDGMENTS—JUDGMENTS SUBJECT TO SET-OFF.

In a claim of set-off of one judgment against another, it is not essential that the party legally entitled to bring suit in the second action be the same as the party against whom the former judgment was rendered, if the beneficial interest in the actions is in the same parties in each case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

2. COSTS (§ 247*)—ITEMS TAXABLE—COSTS ON UNSUCCESSFUL INTERMEDIATE APPEAL.

A party cannot recover, as a part of his costs on final judgment in his favor, the costs paid out by him in an unsuccessful intermediate appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 951, 953, 955, 957, 958, 960; Dec. Dig. § 247.*]

At Law. Action by Lizzie M. Troxell against the Delaware, Lackawanna & Western Railroad Company. On rule to show cause why defendant's costs in a former action should not be deducted from the amount of the judgment in the present action, and on appeal by plaintiff from clerk's taxation of costs. Rule made absolute, and motion overruled.

See, also, 185 Fed. 540.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Demming, of Philadelphia, Pa., for plaintiff.
James F. Campbell, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. [1] 1. In the present suit the plaintiff, Lizzie M. Troxell, administratrix of the estate of Joseph Daniel Troxell, sued the defendant railroad company under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]) in behalf of herself as widow of Joseph Daniel Troxell, and his two minor children to recover for the alleged wrongful death of decedent, and obtained a verdict and judgment, which has been finally affirmed by the Supreme Court. In the former suit she brought suit individually in her own behalf as widow and in behalf of her two minor children. From the verdict and judgment for the plaintiff, recovered under the Pennsylvania statute in the former suit, a writ of error was taken to the Circuit Court of Appeals, whereupon the judgment of the lower court was reversed, and judgment directed to be entered for the defendant. In the mandate of the Circuit Court of Appeals it was ordered that the defendant recover the sum of $328.60, the costs which accrued on the appeals. The costs in the lower court were also taxed against the plaintiff, making a total of $534.55. Execution upon the judgment in the present case has been stayed pending the determination of the defendant's rule to show cause why the costs in the former action should not be set off against the amount of the judgment in the present action. If the parties in the two actions are the same, there is no doubt that the court has power to stay the second suit on motion until the costs in the former suit are paid. That a judgment against a party in one case may be set off against a judgment against another party in another case between the same parties is too well established to require citation of authorities. The Supreme Court in the present case, in passing upon the question whether the judgment for the defendant in the former case was res judicata, held that there was not that identity of parties in the former action by the widow and in the present case which rendered the former suit and judgment a bar to the present action. The identity of the parties was material only in the determination of that question. In a claim of set-off of one judgment against another, it is not essential that the party legally entitled to bring suit in the second action be the same as the party against whom the former judgment was rendered, if the beneficial interest in the actions are in the same parties in each case. As was stated by Circuit Justice Washington in the case of Campbell v. Hamilton, Fed. Cas. No. 2,359:

"Thus, in an action on a bond given to the plaintiff in trust for another, the defendant will be allowed to set off a debt due from the person beneficially interested in like manner as if such person were, and could be, legally the plaintiff."

See, also, Henderson v. Griffin, 5 Pet. 151, 8 L. Ed. 79.

While the present suit under the federal Employer's Liability Act of 1908 to recover damages for the decedent's death could be brought only by his personal representative, who in this case is the widow, any person holding lawful letters of administration from the register of

wills of the proper county could have brought the suit. The parties substantially and beneficially interested in the present suit, however, are identical with the parties in interest in the former action under the Pennsylvania statute; that is, they are in both suits the widow and minor children of the decedent, Troxell. The right of set-off in this case is not claimed upon the ground that the administratrix, the plaintiff, is the widow of the decedent and a party beneficially interested in the former action, but upon the ground that the parties having a beneficial interest in the two actions are identical. The recovery of costs from an unsuccessful party in civil suits in the federal courts generally is authorized by section 793, Compiled Statutes, page 617, and, in the Circuit Court of Appeals, by the Act of March 3, 1891, c. 517, 26 Stat. 826, Compiled Statutes, p. 547, and by the Act of February 19, 1897, c. 263, 29 Stat. 536, Compiled Statutes, p. 557. The defendant in the former suit having obtained a judgment for its costs it would be a denial of justice and lead to a multiplicity of suits to compel it to pay the judgment in this case and to resort to another action to recover its costs for which it obtained judgment in the other case.

I am of the opinion that the set-off should be allowed, and the rule is therefore made absolute.

[2] 2. In the matter of the plaintiff's appeal from the taxation of costs, the clerk was clearly right in disallowing as costs to be paid by the defendant the items which the plaintiff had paid upon an unsuccessful appeal to the Circuit Court of Appeals from the order of this court overruling the plaintiff's motion to strike off defendant's plea of res judicata. The costs paid by the plaintiff were imposed by the mandate of the Circuit Court of Appeals dismissing the plaintiff's appeal. No authorities are cited by the plaintiff, and there obviously are none, to the effect that a party who is unsuccessful in an intermediate appeal may recover as part of his costs upon final judgment in his favor the amount laid out as costs in his unsuccessful intermediate appeal.

The appeal from the clerk's taxation of costs is therefore dismissed.